**STATE of Missouri, Respondent,**

v.

**Kenneth CLAYTON, Appellant.**

**No. ED 92919.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 6, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 12, 2010.

Application for Transfer Denied
June 29, 2010.

Kevin L. Schriener, Clayton, MO, for Appellant.

Shaun J. Mackelprang, Terrence M. Messonnier, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GEORGE W. DRAPER, III, J., and GARY M. GAERTNER, JR., J.

## ORDER

PER CURIAM.

Kenneth Clayton (hereinafter, "Appellant") appeals from the trial court's judgment after a jury convicted him of one count of assault in the first degree, Section 565.050 RSMo (2000), and one count of armed criminal action, Section 571.015 RSMo (2000). Appellant was sentenced as a prior and persistent offender to two terms of twenty-five years' imprisonment, to run concurrently.

Appellant raises four points on appeal. First, Appellant challenges the sufficiency of the evidence to sustain his assault conviction. Second, Appellant argues the trial court plainly erred in overruling his objection to the State's peremptory strike of an African–American female venireperson in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Third, Appellant claims the trial court plainly erred in submitting a jury instruction which he argues misstated an element of the offense of armed criminal action. Fourth, Appellant asserts the trial court plainly erred by overruling his motion to suppress identification testimony in that he claims the police used unduly suggestive procedures when procuring the pretrial identifications.

We have reviewed the briefs of the parties, the legal file, and the transcript on appeal. We find no error of law. An opinion reciting the detailed facts and re-stating the principles of law would have no precedential value. We have, however, provided a memorandum opinion, only for the use of the parties, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 30.25(b).